(88 App. Div. 552.)

PARSONS v. McDONALD.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. PLEADINGS—IRRELEVANT MATTER—STATUTES—EVIDENCE.
Under Code Civ. Proc. § 481, subd. 2, providing that the complaint must contain a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition, portions of a complaint in an action for negligence, consisting of extracts from public statutes and private contracts, and matters which are merely evidence,

should have been stricken out, when the complaint, consisting of 53 paragraphs, was so prolix as to cover over 35 pages of closely printed matter.

Appeal from Special Term, New York County.

Action by Charles Parsons against John B. McDonald. From an order denying a motion to strike out portions of the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Pratt A. Brown, for appellant.
Charles A. Boston, for respondent.

PER CURIAM. The order appealed from, denying a motion to strike out parts of the complaint as irrelevant and redundant, must be reversed. In an action to recover damages to property resulting from an explosion of dynamite, alleged to have been caused by the negligence of the defendants, or in consequence of their creating and maintaining a nuisance, the draftsman of the complaint has inserted therein extracts from public statutes and from private contracts and various matters which are merely evidence, and which have no proper place in a pleading of this character. This complaint is padded and expanded to such an extent that in the record it is spread over 35 pages of closely printed matter. Subdivision 2 of section 481 of the Code of Civil Procedure provides that the complaint must contain a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition. As liberal as the courts have been in sustaining complaints that have been diffuse, verbose, and of unnecessary prolixity, on the ground, apparently, that, after all, not much, if any, harm, was done, they have not encouraged the practice of incorporating in a pleading the law controlling a case, or the statutes or authorities which may be considered as supporting the plaintiff's view of the law. While loose pleading has become very general, its allowance by the courts has not gone as far as that. The provisions of the statute quoted in this complaint have no proper place in a pleading. The provisions of the contract between the defendant McDonald, the Rapid Transit Subway Construction Company, and the city of New York are matters of evidence purely. All these matters are absolutely unnecessary in a pleading. The complaint, as it is drawn, consists of no less than 53 paragraphs. They have all been carefully examined. The defendant McDonald has moved to strike out most of them. The motion should have been granted, so far as it relates to a part of the ninth paragraph— being three lines and a half at the end of that paragraph. The whole of paragraphs 10, 15, 18, and 19 should be stricken out. That part of the twentieth paragraph mentioned in the notice of motion should also be expunged, as well as the whole of paragraphs 21, 23, 25, 26, 27, 28, 29, and 30 (so far as the notice of motion applies to it); also 31, 32, 33, 36, 37, 38, 39, and 41. Paragraphs 42, 43, 44, and 45 should be retained. Paragraph 46 should be expunged, and also that portion of paragraph 48 mentioned in the notice of motion.

The order denying the motion to strike out should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. The plaintiff should be allowed to serve an amended and corrected complaint within 20 days after the service of an order to be entered on the decision of this appeal, and on the payment of costs.